MINNEAPOLIS, NORTHFIELD &
SOUTHERN RAILWAY COMPA-
NY, a corporation, Plaintiff,

v.

SKYWAY AVIATION CORPORATION, a
Nebraska corporation, Defendant.

No. 4-62-Civ.-233.

United States District Court
D. Minnesota,
Fourth Division.

Feb. 4, 1963.

Irving C. Iverson, Iverson, Coulter &
Nelson, Minneapolis, Minn., for plaintiff.

Harold E. Farnes, Farnes & Skaar,
Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

Defendant moves for a new trial fol-
lowing the return of special jury verdicts
and the entry of judgment against it on
the issue of liability for a mid-air col-
lision of two light aircraft over Flying
Cloud Airport near Eden Prairie, Minne-
sota on February 21, 1961.

Both pilots were killed. Both planes
were demolished. The issue of liability
as to property damage loss was raised by
complaint and counterclaim. Plaintiff
and defendant, owners of the aircraft,
each claims negligence and proximate
cause for the accident as against the
other, based principally on alleged vio-
lations of the Civil Air Rules, federal
and local.

The accident happened in the late
afternoon. Bystanders on the ground
and in the air observed the crash and
testified as to what they saw before and
at the time of the accident. Plaintiff's
aircraft, a Cessna 210, while making its
final approach for landing at a speed
of between 80 and 90 miles per hour, was
engaged from the rear and from above
by the nose of defendant's aircraft, a
Cessna 195. There was considerable tes-
timony, conflicting, as to the speed, al-
titude and location of each aircraft at
the time of the crash, and as to the pat-
tern each had followed before the col-
lision.

By agreement of counsel, the issues
were submitted to the jury by a special

verdict as is authorized by F.R.Civ.P. Rule 49(a), and it was stipulated that the Court could make findings as to non-submitted issues.

The jury deliberated for about six hours and then reported its unanimous concurrence as to the answers to five of the questions submitted, and its inability to agree as to the sixth. The special verdict form, with the answers as given to all questions except No. 3, is as follows:

"We, the jury, make answers to the questions submitted as follows:

"1. Was the operator of the Cessna 195 aircraft negligent?
  "☒ Yes　　☐ No

"2. If so, was such negligence a proximate cause of the accident?
  "☒ Yes　　☐ No

"3. Was the operator of the Cessna 210 aircraft negligent?
  "☐ Yes　　☐ No

"4. If so, was such negligence a proximate cause of the accident?
  "☐ Yes　　☒ No

"5. What was the total damage to the Cessna 195 aircraft?
  "$　5,000.00

"6. What was the total damage to the Cessna 210 aircraft?
  "$　21,000.00

"Dated: October 24, 1962.
　　　　By KARL W. KRUEGER
　　　　　　"Foreman"

While both parties agreed that the Court could examine the special verdict form in so far as the answers to the questions were there given, the defendant objected to the Court receiving the special verdict as a decision on the issues submitted. Since it appeared to the Court that an answer to question No. 3 as to plaintiff's negligence was not essential to a resolution of the fact issues involved because the jury had decided by its answer to question No. 4 that even if there was negligence on the part of the plaintiff, such was not a proximate cause of the accident,[1] the Court received the verdict and directed the entry of a judgment for the plaintiff for $21,000—the sum found by the jury to represent the damages to plaintiff's aircraft.

In its motion asking that the judgment be set aside and a new trial granted, defendant's principal argument is that the special verdict returned by the jury is null and void because an answer to question No. 3 was essential to a finding of

1. The failure of the jury to reach a conclusion as to plaintiff's claimed negligence as called for by question No. 3, and its action in reaching a conclusion as to proximate cause as called for by question No. 4, may be explained by the receipt of some evidence tending to show a violation of the Civil Air Rules by plaintiff's pilot when first joining, and later maintaining, his position in the required traffic pattern, but before commencing the final approach.

After deliberating about two hours, the jury was returned to the courtroom, at its request, at which time this colloquy ensued:

"THE FOREMAN: We have one question that seems to be causing us a little problem. It's a question of more or less being generally on the law: Does breaking a law necessarily constitute negligence?

"THE COURT: Well, violating any of those regulations constitutes negligence. In the law it's called negligence per se, of itself, and I think the lawyers each argued that to you in their argument and I advised you of that.

"THE FOREMAN: That seems to have been a question in there, and I think this enlightens us a little better. Thank you."

In the light of this question, it may well be that, while the jury was unable to conclude that plaintiff's pilot was or was not in violation of the Civil Air Rules in the early stages of his travel in the traffic pattern, it reasoned that such possible violations had no relation to the later collision. In view of all of the evidence and the Court's instructions, the jury's ability to reach conclusions on five questions and its inability to reach a conclusion as to the sixth, is not unreasonable.

liability. It appeared to the Court then, as it does now, that even if the jury had answered question No. 3 in the affirmative, to wit, that the plaintiff was negligent, this would not impinge upon plaintiff's right to recover as against the defendant because the jury found in answer to question No. 4 that such negligence of the plaintiff was not a proximate cause of the accident.

It is clear that by its answers to questions No. 1 and 2 the jury found liability as against the defendant. That finding could only be negatived by a similar finding of (1) negligence *and* (2) proximate cause for the accident by the plaintiff. The jury was unable to say that the plaintiff was or was not negligent and hence failed to answer question No. 3, but it did find in answer to question No. 4 that plaintiff's negligence, if it did exist, was not a proximate cause of the accident.

Defendant relies upon Union Pacific R. R. v. Bridal Veil Lumber Co., 219 F.2d 825 (9th Cir., 1955), cert. denied, 350 U.S. 981, 76 S.Ct. 466, 100 L.Ed. 849 (1956), in support of its argument. There, however, the jury failed to answer one of several questions pertaining to negligence and a second question dealing with proximate cause. The trial court entered its own findings of fact as to the two unanswered questions. In reversing, the Court of Appeals said:

> "To this court, it seems that the disagreement of the jury on one *vital* question left a gaping hole in the special verdict. Though it can be argued that other questions necessarily implied the element of keeping a proper lookout it is obvious in submitting the question of lookout the trial judge thought it meant something different and apart from the other questions. * * * Therefore, the conclusion is that it was error * * * for the trial court to thereafter 'go it alone' and dispose of the case."
> 219 F.2d at 831–832. (Emphasis added.)

There is little doubt that the unanswered questions in that case were vital to the determination of the issues of fact; and the trial court was without authority to furnish the answers. Here, however, the otherwise vital issue of negligence was effectively rendered academic by a finding of no proximate cause.

Thus, absent evidence requiring a finding of proximate cause as a matter of law (and there was no such evidence), the negligence issue as to the plaintiff's conduct did not need to be answered. The essential issues were decided by the jury and no purpose would be served by refusing to accept the verdict and either sending the jury out for further deliberations or dismissing it. Indeed, since the jury expressed itself on every issue essential to decision, and with no inconsistency, the Court was without authority to do other than that which it did.

Defendant advances other grounds in support of its motion for a new trial dealing with alleged errors in the giving of, and in the refusing to give, certain instructions, in the reception of evidence, and in refusing to permit the jury to view aircraft of the type involved in the collision. It is enough to say that the Court has considered each of these contentions and views them as being without substantial, and certainly without persuasive, merit.

It is my view that the parties had a fair trial wherein the fact issues were properly presented to the jury, and that in expressing itself in the special verdict form, the jury reached permissible and consistent findings supported by substantial evidence which required the entry of the judgment complained against.

The motion is denied.